JUSTICE NELSON
dissents.
¶40 Respectfully, I must dissent from the Court’s Opinion. Sadly| Wilson’s is the typical story of a mentally ill inmate not receiving appropriate mental health care and then having to suffer tb consequences of his, to be expected, bad behavior and acting out. Thii case has all the earmarks of another Walker v. State, 2003 MT 134, 316 *447 Mont. 103, 68 P.3d 872.
¶41 In Walker, had this Court not intervened, and had we not fashioned a remedy, see Walker, ¶¶ 30-35, Walker would probably still be housed naked in a filthy, cement cell being treated like a prisoner in Abu Ghraib. See Walker, ¶¶ 18-29.1 fear that Wilson’s lot will be no better. While the Court pays lip-service to Wilson’s inviolable right of human dignity, Opinion, ¶ 31, the fact is that Wilson is not receiving the medications that had a track record of actually working for him, Opinion, ¶ 8-Dr. Schaefer’s diagnosis to the contrary notwithstanding.[1] See Opinion, ¶¶ 14,23. And, contrary to the Court’s Opinion, ¶ 35, when Wilson was being treated with the three medications prescribed by Dr. Stratford-Lamictal, Vyvanse, and Abilify-Wilson’s mental health disabilities were stabilized. It is undisputed that Wilson was denied these three drugs while in DOC custody even though these medications were prescribed by his treating physician, Dr. Stratford. The record reflects that the different drugs prescribed by DOC do not work-Wilson acts out despite taking these alternative drugs, and he is being punished accordingly.
¶42 Without proper medication, Wilson acts out. He receives warnings and write-ups jeopardizing his opportunity for parole or other Department programs. Wilson’s treatment is akin to denying a diabetic his insulin, and then punishing him for going into shock.
¶43 Based on the record here, and as we did in Walker, I conclude that Wilson’s right of individual dignity is being degraded, and that he is suffering cruel and unusual punishment at the hands of the State of Montana prison system.
¶44 I would do what we did in Walker. We should fashion a remedy; we should remand this case to the District Court with instructions to appoint counsel to investigate the conditions of Wilson’s confinement and treatment, and, if warranted, to file a petition for appropriate relief in the District Court. See Walker, ¶ 31.
¶45 I respectfully dissent from our failure to do so.